UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENY ADONIAS ANDRES GABRIEL,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 1:26-cv-7910-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Keny Adonias Andres Gabriel came to the United States in August 2021 as an unaccompanied fifteen-year-old. After holding him in custody for approximately six weeks, immigration authorities released him into the United States in September 2021 on his own recognizance. In May 2026, immigration authorities re-detained petitioner after he was arrested by state police for driving without a valid license. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his re-detention without a constitutionally compliant bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Procedural and Factual Background**

Petitioner entered the United States as a fifteen-year-old unaccompanied minor on August 4, 2021, and was taken into custody by immigration authorities, who issued him a notice to appear in immigration court. ECF No. 1 at 8; ECF No. 1-2; ECF No. 6-1 at 2. The Department

of Homeland Security ("DHS") transferred petitioner to the custody of the Department of Health and Human Services, Office of Refugee Resettlement ("ORR"), which released him into the United States, into the custody of his uncle, on September 18, 2021. ECF No. 1-1; ECF No. 6-1 at 2. Petitioner applied for asylum in February 2025, and his application is currently pending.[1] *See* ECF No. 1-3; ECF No. 1 at 5.

On May 3, 2026, local law enforcement arrested petitioner for driving without a license. ECF No. 1-5. On May 4, 2026, ICE took custody of him upon his release from the jail.[2] *See* ECF No. 6-1 at 2. ICE issued petitioner a new notice to appear. ECF No. 6-2.

An immigration judge held a custody redetermination hearing on May 19, 2026, and denied bond, stating that petitioner "has not met his burden in establishing that he is a suitable bail risk based on no proof of any application for relief pending before Court or USCIS; no proof of any ownership of any property and savings in US; and, no affidavit from any sponsor (albeit Mia Rocha was in Web Ex lobby). *See Matter of Guerra*, 24 I&N Dec. 36, 41 (BIA 2006)." *See* ECF No. 6-3.

On September 25, 2026, petitioner entered an *in absentia* plea in state court and was granted withholding of adjudication under Florida law on the driving without a license misdemeanor.[3] *See* ECF No. 1-6. The court fined him $105.00. *Id.* at 3. Petitioner has no other criminal history. *See* ECF No. 6-4. Petitioner filed the instant petition on September 28, 2026. ECF No. 1.

---

[1] Thus, the statement in the Form I-213 that petitioner has no "applications currently pending with the Department of Homeland Security" is in error. *See* ECF No. 6-1 at 2. *See Palmer v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-6738-DC-SCR, 2026 WL 3120964, at *2 n.2 (E.D. Cal. Oct. 19, 2026) (noting significant error in the Form I-213); *Oliviera Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *2 n.3 (E.D. Cal. Oct. 1, 2026) (noting troubling error in the Form I-213).

[2] There is no Form I-286, DHS custody determination form, in the record. There is no Form I-200, arrest warrant, in the record.

[3] Florida Statute § 948.01(2) grants a judge the discretion to impose a probationary sentence and withhold the adjudication of guilt "[i]f it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law . . . ."

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner argues that his re-detention and continued detention without a constitutionally sufficient bond hearing violates the Due Process Clause.[4] ECF No. 1 at 45. The government argues that the court should deny the petition because petitioner is detained under 8 U.S.C. § 1226(a), has received a bond hearing under that section, and has not appealed the denial of bond to the Board of Immigration Appeals ("BIA"). ECF No. 6.

In analyzing petitioner's challenge to his ongoing detention, the court first identifies the statutory provision that confers authority for his detention. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). The court notes that the government's repeated attempts to provide *post hoc* justifications for detention do not square with the procedures ICE employed.[5]

---

[4] As I recommend that the court grant the petition on the due process claim in Count Three, I do not address petitioner's other claims. *See* ECF No. 1 at 8-11.

[5] The government's citation of *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), in support for its claim that ICE detained petitioner under section 1226(a) indicates that this may be a *post hoc* justification. The Ninth Circuit Court of Appeals decided *Rodriguez Vazquez* on July 30, 2026, months after ICE re-detained petitioner in Florida, a state not covered by that ruling. In July 2025, ICE was directed to use section 1225(b) to take noncitizens like petitioner into custody, *see Rodriguez Vazquez,* 183 F.4th at 1170, a position that has since been rejected by seven Courts of Appeals in addition to the Ninth Circuit. *See Guerrero Orellana v.*

*See, e.g.*, *Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority); *see also Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471, at *2-3 (E.D. Cal. Apr. 1, 2026) (discussing different procedures for § 1225 and § 1226 detentions); *Martinez-Aguiana v. Mullin*, No. 3:26-cv-0561-RFB-CSD, 2026 WL 2212521, at *2 (D. Nev. July 31, 2026) (noting concession by immigration authorities that they do not follow section 1226 procedures for noncitizens arrested in the interior of the United States under section 1225(b)). It is for this reason that the court routinely orders the government to provide the "true cause for the detention" under 28 U.S.C. § 2243 and the documents supporting. *See* ECF No. 4.

Respondents have not provided a copy of an arrest warrant, which is required for an arrest under section 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-cv-1354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."). Further, there is no indication that petitioner was provided a determination of his custody status by an ICE officer, which is required for section 1226(a) arrests without a warrant. *See* 8 C.F.R. § 287.3(d) (requiring an initial custody determination and a post-hoc warrant within 48 hours). The lack of such documents indicates that ICE re-detained petitioner under 8 U.S.C. § 1225(b). It is possible that the immigration court disagreed with this and for that reason provided petitioner a bond hearing under section 1226(a). *See* ECF No. 6-3. On this record, I cannot conclusively determine under which statutory provision ICE detained petitioner, but this does not affect my finding that petitioner's due process rights were violated.

---

*Moniz*, 188 F.4th 1, 14 (1st Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 305 (3d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026).

Respondents do not address petitioner's due process claim but rather argue that because petitioner did not appeal the bond decision to the BIA, the petition should be denied for failure to exhaust administrative remedies. ECF No. 6 at 2. Section 2241 does not require exhaustion of administrative remedies prior to filing a habeas petition. *Compare* 28 U.S.C. § 2241 *with* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state court remedies). Accordingly, "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors, evaluating whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

The court finds that waiver of the exhaustion requirement is appropriate. Petitioner argues that he possessed a liberty interest under the due process clause and that the immigration court bond hearing he received was constitutionally insufficient to address the violation of that liberty interest that occurred when he was re-detained by ICE. ECF No. 1 at 20. "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and [ICE] procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up); *see also Matter of Fede*, 20 I. & N. Dec. 35 (BIA 1989) (explaining why neither an immigration judge nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer).

Petitioner's immigration court bond hearing was conducted pursuant to section 1226(a) and expressly did not address petitioner's due process rights. ECF No. 6-3; *see also Rodriguez*

*Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (noting that a section 1226(a) bond hearing places the burden of proof on an immigrant to demonstrate that he is neither a flight risk nor a danger). However, if petitioner succeeds on his due process argument, a constitutionally compliant bond hearing would require that the government prove by clear and convincing evidence that he is a danger to the community or a flight risk. *See Martinez v. Clark* 124 F.4th 775, 780 (9th Cir. 2024); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (collecting cases). To the extent that an appeal of the section 1226(a) hearing could have raised this issue, the BIA would not have been empowered to address it, and the appeal would have been futile. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021) (quoting *Carr v. Saul*, 141 S. Ct. 1352, 1361 (2021) ("Futility is a traditional exception to judicially created exhaustion requirements because '[i]t makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested.'").

Thus, as the administrative remedies are not adequate to address petitioner's due process challenge to his re-detention, exhaustion should be waived. *See Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-6527-DAD-CSK, 2026 WL 2445606, at *1 (E.D. Cal. Aug. 20, 2026) (waiving exhaustion for a petitioner who had not requested a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999) before challenging his re-detention on constitutional grounds); *Gutierrez Romo v. Chestnut*, No. 1:26-cv-3449-KES-FJS (HC), 2026 WL 2254385, at *4 n.4 (E.D. Cal. Aug. 4, 2026) (same); *see also Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *2 (E.D. Cal. June 25, 2026) (concluding that prudential exhaustion factors weighed against imposing exhaustion where the petitioner brought a procedural due process claim).

Turning to petitioner's due process claim, first, a court must consider whether there exists a protected liberty interest under the Due Process Clause, and, second, a court must evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Petitioner came to the United States as an unaccompanied fifteen-year-old and was taken into custody and then released into the country by immigration authorities. ECF No. 1 at 8; ECF No. 1-2; ECF No. 6-1 at 2. The release of an unaccompanied minor into the U.S. confers a protected liberty interest under the due process clause. *See Silvestre v. Becerra*, No. 1:26-cv-5919-DC-CKD, 2026 WL 2364045, at *3 (E.D. Cal. Aug. 14, 2026), *report and recommendation adopted,* 2026 WL 2494967 (E.D. Cal. Aug. 25, 2026). I agree with this reasoning and find that petitioner's release from custody into the United States conferred upon him a constitutionally protected liberty interest under the due process clause.

Accordingly, I must next determine what procedural protections the government should have afforded petitioner before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his continued release. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner acquired a private interest in continued release during the four years since he was released from custody into the United States. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Second, the risk of erroneous deprivation without a constitutionally compliant bond hearing is high. Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of

erroneous deprivation is high given the possibility that petitioner's re-detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

Respondents offer no evidence or argument indicating that constitutionally compliant procedural safeguards have been employed following petitioner's re-detention; more generally, they give the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See id*. On the contrary, the section 1226(a) hearing imposed on petitioner the burden to support his release. *See* ECF No. 6-3. At that hearing, the immigration judge denied petitioner's release based on an erroneous assessment that petitioner had no pending applications for relief, even though he has a pending asylum claim. *See* ECF No. 1-3; ECF No. 1 at 5. The immigration court also ignored a sponsor who appeared at the hearing, while denying bond based on "no affidavit by a sponsor." *See* ECF No. 6-3 at 1. This shows that the risk of erroneous deprivation is high. Accordingly, "the probable value of additional procedural safeguards, i.e., a [constitutionally compliant] bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without . . . a [constitutionally compliant] hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). Indeed, respondents have provided no information about the additional burden that would fall on them as a result of being required to provide a bond hearing that complies with the constitution. *See* ECF No. 6. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's re-detention and continued custody without a constitutionally compliant bond hearing violates his

due process rights. Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release or a constitutionally compliant bond hearing. ECF No. 1 at 49-52. Respondents do not address the issue. ECF No. 6.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id.* at 128 (cleaned up).

Here, respondents do not explain in what way there was "the necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128. Petitioner was arrested for driving without a license and released to ICE custody the next day. ECF No. 1-5; ECF No. 6-1 at 2. He resolved that misdemeanor by pleading *in absentia* and receiving a withholding of adjudication and a $105 fine. *See* ECF No. 1-6. Respondents do not argue that petitioner is a danger or a flight risk. *See* ECF No. 6.

Under these circumstances, I find that the "typical remedy" of release, *see Munaf*, 553 U.S. at 693, is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing. Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025). Petitioner's due process rights have been violated such that the appropriate relief

is immediate release from custody, thereby returning him to the "status quo ante." *See id.*

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 220-239-969) from their custody on the same conditions as his prior release. Respondents shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE