UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENY ADONIAS A.G.,[1]<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-7910-TLN-JDP<br>A# 220-239-969<br><br>**RELEASE ORDER** |

Petitioner, an immigration detainee, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 4, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 9.) Respondents filed objections to the findings and recommendations, objecting for the reasons stated in their prior pleadings. (ECF No. 10.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Additionally, while the record is unclear as to what statutory provision the government detained Petitioner under, the Court notes that Petitioner is subject to the protections of 8 U.S.C. § 1232. Petitioner entered the United States as an unaccompanied minor ("UAC"). (ECF No. 1 at 11.) He was thereafter taken into custody by immigration authorities, transferred by the U.S. Department of Homeland Security ("DHS") to the custody of the Department of Health and Human Services, Office of Refugee Resettlement, and then released to the custody of his sponsor under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). (*Id.*; ECF No. 1-1 at 1.) Now that Petitioner is over the age of eighteen, his custody by the DHS must comport with 8 U.S.C. § 1232(c)(2)(B), which requires the DHS Secretary to consider placing Petitioner "in the least restrictive setting available after taking into account [his] danger to self, danger to the community, and risk of flight," and establishes Petitioner's eligibility to participate in alternative to detention programs. 8 U.S.C. § 1232(c)(2)(B). As the Court agrees with the magistrate judge that Petitioner's detention is unconstitutional, the Court need not separately consider whether his detention comports with the TVPRA. At this juncture, it suffices to say that Petitioner's status as an UAC strengthens his protected liberty interest and further supports the finding that his detention violates the Due Process Clause of the Fifth Amendment.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 9) are ADOPTED in full as set forth below.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents are ordered to IMMEDIATELY RELEASE Petitioner Keny Adonias A.G. (A# 220-239-969) from custody on the same conditions in place at the time he was detained on May 4, 2026. Respondents shall not impose any additional restrictions on Petitioner unless determined to be necessary at a future pre-deprivation hearing. At the time of release,

Respondents must return all of Petitioner's documents and possessions.

4. Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. §§ 1225 or 1226, absent compliance with the TVPRA and other statutory and constitutional protections, including a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that Petitioner is a danger to himself, danger to the community, or flight risk such that, after consideration of placement in the least restrictive setting available, his physical custody is justified. 8 U.S.C. § 1232(c)(2)(B). Respondents shall provide a minimum of seven days' written notice prior to any hearing and Petitioner shall be allowed to have counsel present at the hearing.

5. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: November 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE